**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.L. and E.L.**

**No. 22-601** (Wood County 21-JA-54 and 21-JA-55)

**MEMORANDUM DECISION**

Petitioner Father K.L.[1] appeals the Circuit Court of Wood County's June 16, 2022, order terminating his custodial rights to S.L. and E.L.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March of 2021, the DHHR filed a petition alleging that petitioner had untreated anger issues and substance abuse issues that impacted his ability to properly parent the children. The petition further indicated that the mother obtained a permanent restraining order against petitioner due to domestic violence, alcohol abuse, and physical abuse. That order granted the mother custody of the children and granted petitioner supervised visitation with the children.

In April of 2021, petitioner stipulated to the allegations in the petition. The court adjudicated petitioner as a neglectful parent and granted him a post-adjudicatory improvement period, the terms and conditions of which required petitioner to, among other things, participate in multidisciplinary team ("MDT") meetings, complete parenting and adult life skills classes, submit to a parental fitness evaluation and comply with recommended treatment,[3] obtain appropriate housing, participate in individualized therapy and domestic violence classes, attend supervised

---

[1]Petitioner appears by counsel Eric K. Powell. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Jessica E. Myers appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]Petitioner submitted to the parental fitness evaluation in August of 2021. Notably, the recommendations largely conformed to the terms and conditions already required by petitioner's improvement period. Specifically, the evaluator recommended that petitioner continue individualized therapy, participate in parenting classes, and abstain from alcohol and drug use.

1

visitation with the children, abstain from using alcohol or controlled substances, and submit to random drug screens.

Over the next few months, petitioner complied with many of the terms and conditions of his post-adjudicatory improvement period. Specifically, petitioner visited with the children, attended required meetings and counseling, obtained employment and housing, participated in parenting and life skills classes, and participated in a batterer's intervention program. Petitioner also submitted to random alcohol and drug screens. Notably, petitioner failed a screen in August of 2021, testing positive for alcohol. Despite the positive screen, the court extended petitioner's post-adjudicatory improvement period and, three months later, granted him a post-dispositional improvement period, both times commending his compliance with the other terms and conditions of the post-adjudicatory improvement period.

In February of 2022, petitioner again tested positive for alcohol, this time at an extremely high level after he consumed almost an entire bottle of liquor during a party the evening before. Despite yet another failed screen, the court permitted petitioner to continue his dispositional improvement period as he had remained largely compliant with its other terms and conditions and had recently completed the batterer's intervention program. The court did, however, impose an additional requirement, ordering petitioner to attend alcoholic anonymous meetings twice weekly.

In May of 2022, the court held a final review hearing. Shortly before that hearing, law enforcement arrested petitioner for public intoxication and disorderly conduct after finding him stumbling in the street with a strong odor of alcohol emanating from his person. Based on this third incident of alcohol abuse, the court terminated petitioner's improvement period and set the matter for disposition. Later, petitioner filed a motion to extend his post-dispositional improvement period.

Based on the evidence and testimony presented during the dispositional hearing, the court found that, "although [petitioner] was participating in services[,] he was not fully utilizing the services that were offered to him." In support, the court noted that petitioner abused significant amounts of alcohol on at least two occasions late in his improvement period. The court further found that a ninety-day extension of petitioner's improvement period would not be sufficient to correct his substance abuse issue as petitioner had been unable to do so despite already having received nearly fifteen months of services. Consequently, the court denied petitioner's motion to extend his improvement period. Ultimately, the court concluded that there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future given petitioner's "ongoing substance abuse issues and the lack of treatment for those substance abuse issues." Although petitioner attempted to enroll in an outpatient treatment program shortly before the dispositional hearing, the court indicated that this effort came too late. As the court noted, petitioner's alcohol abuse escalated in frequency and intensity during the nearly fifteen months of improvement periods. Although then-fifteen-year-old S.L. and then-ten-year-old E.L. expressed a desire to live with petitioner, the court found that continuation in petitioner's home was contrary to the welfare of the children for the same reasons noted above. Accordingly, the circuit court

terminated petitioner's custodial rights to both children[4] and ordered post-termination visitation in the discretion of the children's guardians. It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in denying his motion to extend his post-dispositional improvement period, stressing that he substantially complied with its terms and conditions. We disagree. As we have previously explained, "it is possible for an individual to show 'compliance with specific aspects of the case plan' while failing 'to improve . . . [the parent's] overall attitude and approach to parenting.'" *In re Jonathan Michael D.*, 194 W. Va. 20, 27, 459 S.E.2d 131, 138 (1995) (citation omitted). Further, under West Virginia Code § 49-4-610(7), a circuit court may terminate an improvement period "when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." While it may be true that petitioner complied with many of the terms and conditions of his improvement periods, his failure to abstain from alcohol late in these proceedings is strong evidence of his failure to address his substance abuse issues, improve his parental shortcomings, and *fully* participate in the terms of the improvement period.[5] Accordingly, we find no error in the circuit court's termination of petitioner's post-dispositional improvement period and its subsequent denial of petitioner's motion for an extension.

Next, petitioner argues that the circuit court erred in terminating his custodial rights to S.L. and E.L., asserting that he substantially corrected the conditions of neglect that led to the filing of the petition. Regarding petitioner's anger management issues, petitioner notes that he did not engage in an abusive relationship throughout the entirety of these proceedings and that he completed a batterer's intervention program. Further, petitioner asserts that he substantially corrected his substance abuse issues as evidenced by numerous negative drug screens and that, despite his three relapses, his alcohol use "did not affect his visits with or behavior towards his children." We find no error. Although petitioner attempts to minimize his substance abuse issues, the fact remains that he used excessive amounts of alcohol on three separate occasions, the most recent of which resulted in an arrest for public intoxication and disorderly conduct. Simply put, the record demonstrates that petitioner's ongoing abuse of alcohol poses a substantial risk to the future health and safety of the children. Moreover, because the circuit court made the requisite findings based upon ample evidence to support termination of petitioner's custodial rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate custodial rights

---

[4]Additionally, the mother's parental rights have been terminated with no post-termination visitation. The permanency plan is guardianship in the current placement.

[5]This evidence alone would be sufficient upon which to affirm the court's decision to terminate petitioner's post-dispositional improvement period, but it is also important to note that West Virginia Code § 49-4-610(9) restricts a circuit court from granting an improvement period that would result in a child being placed outside of the home "more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits." Here, S.L. and E.L. had resided in an out-of-home placement for nearly fifteen months at the time of disposition. As such, additional time simply was not permitted, nor was it warranted.

3

upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of custodial rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

Lastly, petitioner argues that the circuit court erred in granting post-termination visitation at the guardians'—rather than the children's—discretion.[6] Regarding visitation, we have held,

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). Accordingly, visitation should only occur if such contact is in the children's best interests. Here, the court clearly believed unfettered access to the children was not in the children's best interests; otherwise, the court would not have terminated petitioner's custodial rights. The court did, however, consider the wishes of the children and had the best interests of the children in mind when granting the guardians discretion in allowing visitation. As such, we find no error in the court's decision to grant post-termination visitation at the discretion of the children's guardians.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 16, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[6]Petitioner relies on West Virginia Code § 49-4-604(c)(6)(C) in making his argument. However, that statute requires a court to consider, in certain circumstances, the children's wishes in regard to termination. He also cites authority related to a child's wishes during custody proceedings. However, petitioner cites to no authority which would permit a child to dictate the terms of post-termination visitation.